Robert C. Faber (RCF 7020)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Phone: (212) 382-0700
Fax: (212) 382-0888
E-mail: rfaber@ostrolenk.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRCT OF NEW YORK

| | |
|---|---|
| FUTURE COMMUNICATIONS CORPORATION OF NEW YORK d/b/a/ VIRTUAL SERVICE,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AMERICAN SECURITY SYSTEMS, INC., and LAWRENCE T. DOLIN<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 08 CV 01997 (JGK)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

       Defendants American Security Systems, Inc. and Lawrence T. Dolin, by their attorneys, Robert C. Faber, and Ostrolenk, Faber, Gerb & Soffen LLP answer the complaint in the civil action as follows:

       1.    In answer of paragraph 1 of the First Amended Complaint, Defendants admit the jurisdiction of this Court and admit to the Statutes, but deny any remaining allegations therein.

       2.    In answer to paragraph 2 of the First Amended Complaint, Defendants admit the venue of this Court.

       3.    In answer to paragraph 3 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

       4.    In answer to paragraph 4 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein,

but deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff, is a trademark of any one source or is capable of designating a single source of goods or services and therefore denies it is capable of being a trademark.

5. In answer to paragraph 5 of the First Amended Complaint, Defendants admit the allegations therein.

6. In answer to paragraph 6 of the First Amended Complaint, Defendants admit that Defendant Lawrence T. Dolin is the chief executive of American Security Systems, Inc. and deny the remaining allegations therein.

7. In answer to paragraph 7 of the First Amended Complaint, Defendants admit that Defendant American Security Systems, Inc. is in the business of supplying security and alarm systems, that it offers goods and services under its distinctive designation, brand name and trademark VIDEO DOORMAN and is without knowledge or information consistent to form a belief as to the remaining allegations therein.

8. In answer to paragraph 8 of the First Amended Complaint, Defendants admit that Plaintiff filed a United States application to register the generic term VIRTUAL DOORMAN as a trademark of Plaintiff on January 5, 2007, are without knowledge or information sufficient to form of a belief as to the truth of the remaining allegations therein, but deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff's, is a trademark of any one source or is capable of designating a single source of goods or services and denies it is capable of being a trademark.

9. In answer to paragraph 9 of the First Amended Complaint, Defendants admit that numerous unrelated parties, including Plaintiff, offer systems and services under the generic description VIRTUAL DOORMAN and Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations therein.

10. In answer to paragraph 10 of the First Amended Complaint, Defendants admit that numerous unrelated parties, including Plaintiff, offer systems and services under the generic description VIRTUAL DOORMAN and Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations therein but deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff's or is a trademark of anyone or is capable of designating a single source of goods or services and therefore denies it is capable of being a trademark.

11. In answer to paragraph 11 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein

but deny that the alleged slogans repeated in this paragraph of the Complaint are proprietary to Plaintiff or to any one and deny that they are protectable and, on information and belief, aver that they are generic or laudatory descriptions of a type of service, deny that the slogans are proprietary terms or are proprietary slogans of Plaintiff or of anyone and deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff, is a trademark of anyone or is capable of designating a single source of goods or services.

12. In answer to paragraph 12 of the First Amended Complaint, Defendants deny that the terms or slogans described therein are capable of exclusive appropriation, and deny that the relevant consumer market has come to identify those generic or descriptive terms as the property of any one entity.

13. In answer to paragraph 13 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14. In answer to paragraph 14 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, deny that customers and competitors have come to identify only Plaintiff as user of the generic term VIRTUAL DOORMAN or as the sole source of goods and services under that generic term and deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff, or of anyone or is capable of designating a single source of goods or services.

15. In answer to paragraph 15 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and Defendants aver that alleged display of generic or descriptive terms is irrelevant and states no claim or cause of action.

16. In answer to paragraph 16 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

17. In answer to paragraph 17 of the First Amended Complaint, Defendants admit that no agreement was entered into between the parties to this action, deny the remaining allegations therein and deny that the term VIRTUAL DOORMAN is a trademark of Plaintiff, or of anyone or is capable of designating a single source of goods or services.

18. In answer to paragraph 18 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein

except that Defendants admit offering an alarm and security system under Defendants' proprietary, distinctive, non-confusing trademark VIDEO DOORMAN.

19. In answer to paragraph 19 of the First Amended Complaint, Defendants admit use of descriptive and generic descriptions of their product and services and their function and usefulness, admit use of a logo suggestive of a doorman, since their services are of a type that might have otherwise been performed by a doorman and deny use of any proprietary marks or slogans of Plaintiff or anyone.

20. In answer to paragraph 20 of the First Amended Complaint, Defendants deny the allegations therein and further state that Plaintiff's alleged marks and slogans are generic terms which Plaintiff has chosen to use, instead of choosing proprietary protectable terms.

21. In answer to paragraph 21 of the First Amended Complaint, Defendants admit its application to register its distinctive trademark VIDEO DOORMAN but is without knowledge or information sufficient to form a belief as to the remaining allegations therein.

22. In answer to paragraph 22 of the First Amended Complaint, Defendants deny the allegations therein, deny that Defendants were the authors of the article, are without knowledge or information as to the basis of statements in the article, but note that since the term VIRTUAL DOORMAN is a generic term descriptive of the product offered by many suppliers including but not limited to Plaintiff, that the use of that term in a publication is a proper use of a generic term in order that the publication described in the product would be described to the reader.

23. In answer to paragraph 23 of the First Amended Complaint, Defendants deny having written the article and therefore deny the allegations therein.

24. In answer to paragraph 24 of the First Amended Complaint, Defendants deny the allegations therein as Defendants did not write the article and aver that the use of the TM symbol by the author of the article is irrelevant since the publication is not by Defendants, and Defendants deny the remaining allegations therein.

25. In answer to paragraph 25 of the First Amended Complaint, Defendants deny having written the article, so that the caption and the article are consequently irrelevant, so that Defendants deny or are without information sufficient to form a belief as to the truth of any actual implied allegations in this paragraph.

26. In answer to paragraph 26 of the First Amended Complaint, Defendants deny the allegations therein primarily because the article was not authored by the Defendants and

Defendants did not make statements therein and further because of the generic, descriptive nature of the Plaintiff's term for its product and service.

27. In answer to paragraph 27 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, but state that if confusion occurred, it is because Plaintiff has used the generic name for its product and service leading others to question who is the source of that generically named product and service.

28. In answer to paragraph 28 of the First Amended Complaint, Defendants admit Plaintiff's attorney sent the letter in Exhibit B, but deny the remaining allegations therein.

29. In answer to paragraph 29 of the First Amended Complaint, Defendants admits that their attorney sent Exhibit C.

30. In answer to paragraph 30 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that any of the uses pointed out in the letter were uses by Plaintiff's licensees, as, on information and belief, those who are alleged licensees have used the term VIDEO DOORMAN generically to describe their service, not as a proprietary trademark, notes Plaintiff's admission that not all entities who use the words VIRTUAL DOORMAN are Plaintiff's licensees, and Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations therein.

31. In answer to paragraph 31 of the First Amended Complaint, Defendants admit that Defendants' attorney claimed that the terms were not confusingly similar but denies that Defendants agreed that Plaintiff's generic term was a protectable mark.

32. In answer to paragraph 32 of the First Amended Complaint, Defendants deny the allegations therein, and apologize for an apparent clerical mistype, if it occurred, but deny that such mistype by a typist in Defendants' attorneys office is an admission of anything or is indicative of trademark rights in the Plaintiff or shows confusion between the generic term VIRTUAL DOORMAN and Defendants' trademark.

33. In answer to paragraph 33 of the First Amended Complaint, Defendants deny the allegations therein.

34. In answer to paragraph 34 of the First Amended Complaint, Defendants deny the allegations therein.

35. In answer to paragraph 35 of the First Amended Complaint, Defendants admit that certain documents were dated prior to Defendants' application for registration of its trademark, but deny the remaining allegations therein.

36. In answer to paragraph 36 of the First Amended Complaint, Defendants repeat the preceding answer to paragraphs 1-35.

37. In answer to paragraph 37 of the First Amended Complaint, Defendants deny the allegations therein and particularly deny Plaintiff's claim to have any trademarks, as alleged by Plaintiff's in this Complaint.

38. In answer to paragraph 38 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to contacts received by Plaintiff and otherwise answer that the paragraph is either incomplete, incomprehensible, or irrelevant.

39. In answer to paragraph 39 of the First Amended Complaint, Defendants deny the allegations therein and particularly deny that Plaintiff's term VIRTUAL DOORMAN and other slogans are trademarks of Plaintiff or are trademarks of anyone or are capable of designating a single source of goods or services and therefore deny they are capable of being trademarks. In particular, Defendants deny that Plaintiff has lost sales and customers, and that if they have, deny that such losses were caused by confusion between Defendants' trademark and Plaintiff's generic terms, but if any such losses were caused by customer confusion, the cause of such confusion was Plaintiff's adoption and use of generic, descriptive terms for its services.

40. In answer to paragraph 40 of the First Amended Complaint, Defendants deny the allegations therein.

41. In answer to paragraph 41 of the First Amended Complaint, Defendants deny the allegations therein.

42. In answer to paragraph 42 of the First Amended Complaint, Defendants deny the allegations therein.

43. In answer to paragraph 43 of the First Amended Complaint, Defendants deny the allegations therein and particularly deny Plaintiff's rights in any of the words, slogans, generic or descriptive terms and phrases and logos.

44. In answer to paragraph 44 of the First Amended Complaint, Defendants deny the allegations therein and particularly allege that the claim for monetary damages is inflated, unsupportable, unreasonable and in violation of the Federal Rules of Civil Procedure.

45. In answer to paragraph 45 of the First Amended Complaint, Defendants repeat their answers to paragraphs 1-44.

46. In answer to paragraph 46 of the First Amended Complaint, Defendants deny the allegations therein.

47. In answer to paragraph 47 of the First Amended Complaint, Defendants deny the allegations therein.

48. In answer to paragraph 48 of the First Amended Complaint, Defendants deny the allegations therein.

49. In answer to paragraph 49 of the First Amended Complaint, Defendants deny the allegations therein.

50. In answer to paragraph 50 of the First Amended Complaint, Defendants deny the allegations therein.

51. In answer to paragraph 51 of the First Amended Complaint, Defendants deny the allegations therein.

52. In answer to paragraph 52 of the First Amended Complaint, Defendants deny the allegations therein.

53. In answer to paragraph 53 of the First Amended Complaint, Defendants deny the allegations therein.

54. In answer to paragraph 54 of the First Amended Complaint, Defendants deny the allegations therein and particularly allege that the claim for monetary damages is inflated, unsupportable, unreasonable and in violation of the Federal Rules of Civil Procedure.

55. In answer to paragraph 55 of the First Amended Complaint, Defendants deny the allegations therein.

56. In answer to paragraph 56 of the First Amended Complaint, Defendants repeat their answers to paragraphs 1-55.

57. In answer to paragraph 57 of the First Amended Complaint, Defendants deny the allegations therein.

58. In answer to paragraph 58 of the First Amended Complaint, Defendants deny the allegations therein and particularly allege that the claim for monetary damages is inflated, unsupportable, unreasonable and in violation of the Federal Rules of Civil Procedure.

59. In answer to paragraph 59 of the First Amended Complaint, Defendants repeat their answer to paragraphs 1-58.

60. In answer to paragraph 60 of the First Amended Complaint, Defendants deny the allegations therein and particularly deny that the term VIRTUAL DOORMAN and other slogans are trademarks of Plaintiffs or are trademarks of anyone or are capable of designating a single source of goods or services and therefore deny the term and slogans are capable of being trademarks.

61. In answer to paragraph 61 of the First Amended Complaint, Defendants deny the allegations therein.

62. In answer to paragraph 62 of the First Amended Complaint, Defendants deny the allegations therein.

63. In answer to paragraph 63 of the First Amended Complaint, Defendants deny the allegations therein.

64. In answer to paragraph 64 of the First Amended Complaint, Defendants deny the allegations therein.

## **AFFIRMATIVE DEFENSES**

1. The term VIRTUAL DOORMAN is an apt description of a service that is offered by Plaintiff, by Defendant and by numerous other entities.

2. As the term VIRTUAL DOORMAN is a term used by numerous other entities and is an apt description and name for the service offered by Plaintiff and by others, the term is a generic term, not a trademark, now is incapable of ever becoming a trademark, that is, of being a term indicating a single source of services because such services are instead being offered by various parties or of products associated with those services. The term has entered the public domain.

3. The word VIRTUAL has been associated with other words synonymous with doorman, as in VIRTUAL CONCIERGE SERVICE, whereby synonymous uses of the word VIRTUAL for services competing with Plaintiff's shows the generic nature of Plaintiff's term.

4. Plaintiff's generic term VIRUTAL DOORMAN is used by others in non-distinctive lower case type without a noun following that term and the term has thereby become generic.

5. Defendants cannot be an infringer of a generic term in which Plaintiff cannot acquire rights.

6. Any confusion on the part of anyone as to Defendant's use of its own term and trademark VIDEO DOORMAN is the result of Plaintiff's adoption and use of a generic term for its services and not any actionable activity by Defendants in using their distinctive, non-generic term as their trademark.

7. Plaintiff has permitted or suffered and has not halted the use by unrelated third parties of the term VIRTUAL DOORMAN to describe services and/or associated goods either in part or totally identical to those being offered and performed by Plaintiff or substantially similar to those services. This has caused the term VIRTUAL DOORMAN to enter the public domain as a generic term used by multiple sources, not as a source designation, but as an apt description of the services and associated goods offered by several unrelated entities, and the term has become generic and not protectable as a trademark or as an indicator of a single source.

8. The terms TECHNOLOGY FOR EASY LIVING, SAME SERVICES AS A DOORMAN AT A FRACTION OF THE COST; TOTAL SECURITY INTEGRATION; TOTAL SECURITY SOLUTIONS; are all descriptive claims terms or are generic, are not proprietary terms, but rather are descriptive claims of and/or laudatory descriptions of certain qualities or characteristics of goods and services. If true, these claims may be made by Plaintiff. But these claims are not protectable trademarks, have not developed and cannot develop any secondary meaning associating those descriptive and/or laudatory claims or terms with the Plaintiff, and those terms are incapable of being associated with one source.

9. Terms and claims used by Defendants, of which Plaintiff makes complaint, are descriptive and generic terms, are in the public domain and are available to anyone to use to describe services or compare services between different sources.

10. The logotype of a doorman or of gloves and a top hat suggestive of doorman may be proprietary to Plaintiff and a logotype of related sort may be proprietary to Defendant. Use of such logotypes is understandable since Plaintiff's generic term includes the word DOORMAN

and Defendants' trademark includes the word DOORMAN. The logotypes are not the same or confusingly similar, avoiding trademark infringement.

11. Relevant customers, consumers, authors of publications, etc., have come to identify the term VIRTUAL DOORMAN with a particular type of service for which that term is a name and have not come to identify that generic description of products or services with only a single source, as the term is used by several sources.

12. Defendants' term VIDEO DOORMAN is different from the term VIRTUAL DOORMAN in several respects and they are not confusingly similar.

13. The term VIDEO DOORMAN is pronounced quite differently than VIRTUAL DOORMAN.

14. The term VIDEO DOORMAN has a quite different appearance than the term VIRTUAL DOORMAN.

15. The term VIDEO DOORMAN has a quite different meaning than the term VIRTUAL DOORMAN. Video refers to video, television. Virtual refers to something unreal and in computer jargon, refers to the simulated world inside a computer.

16. Both of the terms VIDEO DOORMAN and VIRTUAL DOORMAN share the common word DOORMAN which is used not only by Plaintiff and Defendants but is used by others as part of the name or trademark for their services which are the same sort as the services performed by Plaintiff.

17. By reason of the foregoing, any confusion between the terms VIDEO DOORMAN and VIRTUAL DOORMAN does not arise from the presence of the generic term DOORMAN. The remainder of the parties terms, VIDEO on the one hand and VIRTUAL on the other are so different that assuming that VIRTUAL DOORMAN were to be a protectable term or trademark, no reasonable consumer or customer exercising reasonable care is likely to be confused into thinking the terms are the same or confused as to the source of the Defendants' services and product.

18. As Defendants' choice of name and trademark was objectively reasonable, in view of the generic nature of Plaintiff's term VIRTUAL DOORMAN, Plaintiff is not entitled to an award of any damages pursuant to the Trademark Act and applicable precedents.

19. In response to Plaintiff's allegation that activities of Defendants are responsible for a loss of sales by Plaintiff, assuming Plaintiff has lost sales, on information and

belief, this alleged loss has been caused because Plaintiff's prices for their products and services are in excess of what the market will bear and what customers and consumers will pay for the comparable competitive service and products of others and/or because the services of several others than Plaintiff are more what the customers want or will pay for, because of increased competition for the same type of goods and services and not a result of a choice of name and trademark.

20.     Whatever lost sales Plaintiff may be able to prove, they were not caused by Defendants' choice of its distinctive term and trademark VIDEO DOORMAN for its services and products.

## COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs American Security Systems, Inc. and Lawrence T. Dolin allege against Plaintiff Counterclaim Defendant as follows:

## FIRST COUNTERCLAIM

1.     Defendants, American Security Systems Inc. and Lawrence T. Dolin repeat their Answers and Affirmative Defenses in the preceding paragraphs hereof.

2.     Defendants allege that the jurisdiction of this Court and the venue are based on the Complaint and the facts alleged in the Counterclaims.

3.     As alleged above, Plaintiffs' term VIRTUAL DOORMAN used to identify its services and products is an apt description of and is generic for the services and products offered by Plaintiff as well as by Defendants and numerous others.

4.     By reason of the fact that the Plaintiff's term and description is generic, by reason of the fact that Defendants had pointed out to Plaintiff why the term Plaintiff uses had become generic and that Plaintiff did not deny that the term it is generic, that is, that it is used by numerous others descriptively for their competing services, Plaintiff's claim against Defendants is objectively baseless and in violation of the Federal Rules of Civil Procedure.

5.     Plaintiff filed an application to register the generic term VIRTUAL DOORMAN as Plaintiff's trademark in the United States Patent and Trademark Office on January 5, 2007, Application No. 77/076,929.

6.     During examination of Plaintiff's Application, the Patent Office Examiner required disclaimer of exclusive rights in Plaintiff to the word VIRTUAL in Plaintiff's trademark because that term is generic and descriptive.

{00926507.1}                                        - 11 -

7. Plaintiff made the required disclaimer because the word VIRTUAL in its trademark is generic and descriptive.

8. The word DOORMAN in Plaintiff's trademark is generic and descriptive.

9. As a result of the foregoing, Plaintiffs term VIRTUAL DOORMAN is a generic, apt name for its goods and services.

10. By reason of the foregoing, this is an exceptional case and Defendants are entitled not only to an award of their costs but also of their reasonable attorneys' fees in defending against the claim and for such damages as Defendants may be able to prove resulted from Plaintiff's actions in this civil action and otherwise.

11. Plaintiff's claim for an award of monetary damages is without foundation, without adequate investigation and is objectively baseless, making this an exceptional case entitling the Defendants to an award of compensatory, punitive damages, costs and attorneys' fees.

## SECOND COUNTERCLAIM

12. Plaintiff filed an application to register the generic term VIRTUAL DOORMAN as Plaintiff's trademark in the United States Patent and Trademark Office on January 5, 2007, Application No. 77/076,929.

13. Plaintiff, Applicant at the United States Patent and Trademark Office to register the term VIRTUAL DOORMAN, has known but has not informed an Examiner at the United States Patent and Trademark Office that the term is an apt description, a generic term used generically and by unrelated parties to identify services and goods comparable to and competitive with Plaintiff's and that the term is used in a generic way by unrelated third parties and by alleged customers or licensees of the Plaintiff.

14. By reason of the foregoing, Plaintiff's application to register the term VIRTUAL DOORMAN is based on a fraud perpetuated on the Patent and Trademark Office, making Plaintiff guilty of complaining to this Court and seeking legal relief with unclean hands.

## THIRD COUNTERCLAIM

15. Plaintiff has not policed uses of the term VIRTUAL DOORMAN, has permitted unrelated third parties to use the term as their trademark or to use it as the apt name for their goods and services and has also permitted Plaintiff's customers and licensees to use the term

in a generic, non-distinctive way, thereby permitting the term VIRTUAL DOORMAN to enter the public domain.

16. By reason of the foregoing as stated in the Second and Third Counterclaims, the generic term VIRTUAL DOORMAN is unregisterable as a trademark to the Plaintiff.

17. By reason of the foregoing, Defendants are entitled to a Declaration by this Court that the term VIRTUAL DOORMAN is unregisterable to the Plaintiff.

### **FOURTH COUNTERCLAIM**

18. Defendant American Security System, Inc. has filed and have an application pending in the United States Patent and Trademark Office to register their term VIDEO DOORMAN for their services. That application was filed in the United States Patent and Trademark Office on December 19, 2006, Application No. 77/067,418 and was filed prior to the application filed by Plaintiff to register the term VIRTUAL DOORMAN.

19. Plaintiff has in the United State Patent and Trademark Office commenced an Opposition proceeding opposing and seeking to block registration to the Defendant of the trademark VIDEO DOORMAN, alleging confusing similarity with the term VIRTUAL DOORMAN.

20. By reason of the foregoing Defenses and Counterclaims, the grounds of the Opposition are without merit in that the basis for the Opposition is Plaintiff's use of the generic term VIRTUAL DOORMAN, which does not provide a basis for finding confusing similarity between Plaintiff's term and Defendant's trademark.

21. By reason of the foregoing Defenses and Counterclaims, Defendants are entitled to a Declaration by this Court that there is no confusing similarity between Plaintiff's generic term VIRTUAL DOORMAN and Defendants' trademark VIDEO DOORMAN.

22. By reason of the actions of Plaintiff alleged in the Counterclaim, Defendants have been damaged in an amount to be determined in this action.

23. Defendants do not have an adequate remedy at law for the damage suffered as a result of the actions of Plaintiff alleged in the Counterclaims and Defendants require injunctive relief based on those Counterclaims.

WHEREFORE, Defendants pray for:

  A. Dismissal of Plaintiff's Complaint with prejudice.

  B. Judgment that the term VIRTUAL DOORMAN is a generic term.

  C. Judgment that Defendants have not infringed Plaintiff's generic term VIRTUAL DOORMAN and that there is no likelihood of confusion between Defendants' trademark and Plaintiff's generic term alleged by Plaintiff as a trademark.

  D. Judgment that Plaintiff's slogans are generic terms or descriptive terms, not exclusive property of Plaintiff.

  E. Judgment that Defendants have not infringed any rights or trademark rights in Plaintiff's allegedly proprietary slogans and that in view of the generic nature of the slogans and the differences between Plaintiff's alleged by proprietary slogans and Defendants' descriptions, that Defendants have not infringed any alleged trademark rights in Plaintiff's alleged proprietary slogans.

  F. Denial of any claim for relief against Defendants based on Plaintiff's alleged proprietary slogans.

  G. Denial of any claim for injunctive relief made by Plaintiff against Defendant for any of the claims in the Complaint.

  H. Denial of an award of damages to Plaintiff and against Defendants for any of the actions alleged in the Complaint.

  I. Denial of an award to Plaintiff of any of Defendants' profits, any of Plaintiff's alleged damages, or any costs or attorneys' fees of the Plaintiff.

  J. Judgment for Defendants on their Counterclaims for Defendants' damages on account of Plaintiff's claims and Plaintiff's actions pursuant to any of Plaintiff's claims due to the objectively baseless claim of damages.

  K. Judgment for Defendants of their costs and attorneys fees in defending this civil action and prosecuting the Counterclaims.

  L. An Order or Mandatory Injunction against Plaintiff ordering Plaintiff to withdraw its Opposition to registration of Defendant's trademark VIDEO DOORMAN in the United States Patent and Trademark Office.

  M. An Order that Plaintiff notify the Examiner at the United States Patent and Trademark Office examining Plaintiff's application to register the term VIRTUAL DOORMAN as a trademark, that the term is generic and has been permitted to become generic by the Plaintiff.

N. An Order that Plaintiff withdraw its application in the United States Patent and Trademark Office to register the term VIRTUAL DOORMAN.

O. Such other and further relief as this Court deems just, equitable and proper.

Dated:   May 7, 2008
         New York, New York

AMERICAN SECURITY SYSTEMS, INC. and
LAWRENCE T. DOLIN, by their attorneys

_____
Robert C. Faber (RCF 7020)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Tel: (212) 382-0700

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** was served upon counsel for Plaintiff by ECF and First Class mail, postage prepaid, on this 7th day of May, 2008, addressed as follows:

Zeynel Memed Karcioglu
Zeynel Karcioglu, Esq.
36 East 20th Street
New York, NY 10003

_____
Robert C. Faber