Robert C. Faber (RF 7020)
Sean P. McMahon (SM 1202)
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 10036
Phone: (212) 382-0700
Fax: (212) 382-0888
E-mail: rfaber@ostrolenk.com

Attorneys for Defendants/Counterclaim-Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUTURE COMMUNICATIONS CORPORATION OF NEW YORK d/b/a VIRTUAL SERVICE,<br><br>   Plaintiff/Counterclaim-Defendant,<br><br> vs.<br><br>AMERICAN SECURITY SYSTEMS, INC., and LAWRENCE T. DOLIN,<br><br>   Defendants/Counterclaim-Plaintiffs. | Case No.: Civil Action No. 08 CV 01997 (JGK) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1 of the Local Rules for the United States District Court for the Southern District of New York, Defendants American Security Systems, Inc. ("American Security") and Lawrence T. Dolin ("Dolin") (referred to collectively as "Defendants" unless otherwise specified), submit this Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment against Plaintiff, Future Communications Corporation of New York d/b/a Virtual Service ("Plaintiff").

1. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff is a corporation duly formed and existing under the laws of the State of New York having a principal place of business at 104 W. 40th Street, 2nd Floor, New York, New York. First Amended Complaint ("Amended Complaint") ¶ 3.

2. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff is engaged in the business of developing, customizing, installing and monitoring security and surveillance systems and has offered goods and services under its purported trademark VIRTUAL DOORMAN since at least as early as 2001. Amended Complaint ¶ 4.

3. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, American Security is a corporation duly formed and existing under the laws of the State of New York having a principal place of business at 5-44 50th Avenue, Long Island City, New York, regularly conducts business in New York City, and markets and offers goods and services to potential customers and consumers in this judicial district. Answer to First Amended Complaint ("Answer") ¶ 5.

4. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Dolin is the chief executive of American Security. Answer ¶ 6.

5.   For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, American Security is in the business of supplying security and alarm systems.  Answer ¶ 7.

6.   For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Since 2001, Plaintiff has offered technologically advanced security, surveillance, alarm, and remote access and monitoring systems and services under its purported under the purported VIRTUAL DOORMAN common law trademark and service mark. Amended Complaint at ¶ 8.

4.   For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff's VIRTUAL DOORMAN security system has been developed over many years and is based on Plaintiff's proprietary software and systems. Amended Complaint at ¶ 8.

5.   For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, on the basis of use dating back to June 30, 2001, Plaintiff filed with the United States Patent and Trademark Office ("USPTO") Trademark Application Serial No. 77/076,929 on January 5, 2007 to register the purported mark VIRTUAL DOORMAN as a proprietary trademark in International Class 9 for:

> security and surveillance systems, namely, audio and video equipment in the nature of video monitors, surveillance cameras, video intercoms, modems and routers, video code cards, speakers, microphones, intercoms, software for operating and interacting with surveillance systems; security and surveillance computer programs for the enabling or prevention of building access; biometrics

> equipment, namely, biometrics scanners for locking and unlocking entryways and permitting use of systems; remote entry and locking equipment in the nature of biometric locks and locks controlled over IP; proximity sensors; security and surveillance systems, namely, electronic regulating and control devices for remote operation of HVAC, lighting, elevators, alarms, sirens, gates, locks, audio video equipments, such as televisions, stereos, computers, telephones, all for residential buildings and homes; security and surveillance systems, namely, electronic regulating and control devices for the same; none of the above for use with vehicles.

Complaint ¶ 8. *See also* the May 5, 2008 Declaration of Sean P. McMahon ("McMahon Decl.") ¶ 6.

      6.     For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff's VIRTUAL DOORMAN system and services are sold primarily to residential users, and are often marketed in connection with luxury buildings. Amended Complaint ¶ 9.

      7.     For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff's VIRTUAL DOORMAN system is a secure remote monitoring and control system that is integrated with other building-wide systems. Amended Complaint ¶ 9.

      8.     For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff provides secure remote monitoring and control of building-wide systems in connection with its purported mark VIRTUAL DOORMAN, which also permits and restricts entry, delivery of packages and other functions. Amended Complaint ¶ 10.

9. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, American Security, through the undersigned attorney, on the basis of use dating back to April, 2007, filed with the USPTO Trademark Application Serial No. 77/067,418 on December 19, 2006 for the mark VIDEO DOORMAN in International Class 45 for:

> electronic monitoring of building entry ways for security purposes, namely, remote video monitoring through a system connected to a central station for monitoring or accepting deliveries of packages and other items.

McMahon Decl. ¶ 5.

10. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of fact from having to be decided for its motion, Plaintiff's application for registration was refused registration by the USPTO based on, *inter alia*, Defendant American Security's previously filed Application Serial No. 77/067,418. McMahon Decl. ¶ 7.

11. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of material fact from having to be decided for this motion Defendants acknowledge the marks VIRTUAL DOORMAN and VIDEO DOORMAN are confusingly similar. Amended Complaint ¶¶ 39-40, 47-48.

12. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of material fact from having to be decided for this motion, Defendants acknowledge that American Security adopted, uses and applied to register the mark VIDEO DOORMAN with knowledge of Plaintiff's goods and services offered under the

term VIRTUAL DOORMAN, and with knowledge of Plaintiff's advertising that includes non-distinctive, descriptive and laudatory terms. Amended Complaint ¶ 43.

13. For purposes only of Defendants' Motion for Summary Judgment and to avoid any issue of material fact from having to be decided for this motion, some, but not all, of the appearances of the term VIRTUAL DOORMAN concern security systems or services supplied by Plaintiff but without identifying Plaintiff.

Dated: May 7, 2008
New York, New York

Respectfully submitted,

_____
Robert C. Faber (RF 7020)
Sean P. McMahon (SM 1202)
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York  10036
Phone: (212) 382-0700
Fax: (212) 382-0888
E-mail: rfaber@ostrolenk.com

Attorneys for Defendants/Counterclaim-Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was served upon counsel for Plaintiff/Counterclaim-Defendant by ECF and First Class mail, postage, prepaid, on this 7th day of May, 2008, addressed as follows:

> Zeynel Memed Karcioglu
> Zeynel Karcioglu, Esq.
> 36 East 20th Street
> New York, New York  10003

_____
Robert C. Faber