UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

FUTURE COMMUNICATIONS CORPORATION     08-cv-01997 (JGK)
OF NEW YORK d/b/a VIRTUAL SERVICE

                        Plaintiff,
    -against-                                **Reply to Defendants'**
                                                            **Answer and Counterclaims to**
                                                            **Plaintiff's First Amended**
                                                            **Complaint**

AMERICAN SECURITY SYSTEMS, INC.,
and LAWRENCE T. DOLIN
                        Defendant
_____x

Plaintiff, Future Communications Corporation of New York d/b/a Virtual Service ("Plaintiff" or "Virtual Service"), by its attorney Zeynel Karcioglu, hereby replies to the numbered paragraphs of Defendants' Answer and Counterclaims to Plaintiff's First Amended Complaint as follows:

Plaintiff's Reply to Defendants' Affirmative Defenses
Incorporated and Restated in its Counterclaims

    1.    Plaintiff denies the allegations set forth in Paragraphs 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, and 20 of Defendants' Affirmative Defenses.

    2.    Plaintiff lacks sufficient information to admit or deny the allegations set forth in Paragraphs 3 and 4 Defendants' Affirmative Defenses, except insofar as it denies that Plaintiff's trademark VIRTUAL DOORMAN is generic.

    3.    Plaintiff states that the allegations Defendant makes in paragraph 5 of Defendants' Affirmative Defenses are legal arguments and conclusions, as to which no responsive pleading is required, but denies that VIRTUAL DOORMAN, or any of Plaintiff's marks are generic.

4. Plaintiff admits that both VIDEO DOORMAN and VIRTUAL DOORMAN share the common word DOORMAN, and denies all other allegations set forth in Paragraph 16 of Defendants' Affirmative Defenses, except that the word DOORMAN is used by one other non-party in connection with services similar to those performed by Plaintiff.

PLAINTIFF'S REPLY TO DEFENDANTS'
<u>FIRST COUNTERCLAIM</u>

1. Plaintiff repeats and realleges its replies to Defendants' Affirmative Defenses, above.

2. Plaintiff admits that jurisdiction and venue are based on the Complaint.

3. Plaintiff denies the allegations set forth in Paragraph 3 of Defendants' Counterclaims.

4. Plaintiff denies the allegations set forth in Paragraph 4 of Defendants' Counterclaims.

5. As a reply to Paragraph 5 of Plaintiff's Counterclaims, Plaintiff admits that it filed a trademark application for VIRTUAL DOORMAN in the United States Patent and Trademark Office on January 5, 2007, but denies that the term is generic.

6. As a reply to Paragraph 6 of Plaintiff's Counterclaims, Plaintiff denies that the Patent and Trademark Office Examiner required the disclaimer of the word "VIRTUAL" because it was generic, however it does admit that the Examiner indicated that the term "VIRTUAL" should be disclaimed.

7. Plaintiff denies the allegations set forth in Paragraph 7 of Defendants' Counterclaims, except that it admits it disclaimed the exclusive right to use "VIRTUAL" apart from the mark VIRTUAL DOORMAN as a whole.

8. Plaintiff denies the allegations set forth in Paragraph 8 of Defendants' Counterclaims.

9. Plaintiff denies the allegations set forth in Paragraph 9 of Defendants' Counterclaims.

10. Plaintiff denies the allegations set forth in Paragraph 10 of Defendants' Counterclaims.

11. Plaintiff denies the allegations set forth in Paragraph 11 of Defendants' Counterclaims.

## PLAINTIFF'S REPLY TO DEFENDANTS' SECOND COUNTERCLAIM

12. As a reply to Paragraph 12 of Plaintiff's Counterclaims Plaintiff admits that it filed a trademark application for VIRTUAL DOORMAN in the United States Patent and Trademark Office on January 5, 2007, but denies that the term is generic.

13. Plaintiff denies the allegations set forth in Paragraph 13 of Defendants' Counterclaims.

14. Plaintiff denies the allegations set forth in Paragraph 14 of Defendants' Counterclaims.

## PLAINTIFF'S REPLY TO DEFENDANTS' THIRD COUNTERCLAIM

15. Plaintiff denies the allegations set forth in Paragraph 15 of Defendants' Counterclaims.

16. Plaintiff denies the allegations set forth in Paragraph 16 of Defendants' Counterclaims.

17. Plaintiff denies the allegations set forth in Paragraph 17 of Defendants' Counterclaims.

## PLAINTIFF'S REPLY TO DEFENDANTS' FOURTH COUNTERCLAIM

18. Plaintiff admits the allegations set forth in Paragraph 18 of Defendants' Counterclaims only insofar as Defendants filed a trademark application in the United States Patent and Trademark Office based on an Intent-to-Use "Video Doorman" in commerce, and that the application has a filing date of December 19, 2006. Plaintiff denies the remaining allegations in set forth in this Paragraph.

19. Plaintiff admits the allegations set forth in Paragraph 19 of Defendants' Counterclaims only insofar as Plaintiff filed an Opposition to Defendant's application for the designation "Video Doorman" based upon a likelihood of confusion between Defendant's Video Doorman designation and Plaintiff's trademark VIRTUAL DOORMAN, and based upon the fact that Plaintiff had used the mark VIRTUAL DOORMAN in commerce for many years before to Defendant applied to register Video Doorman on an Intent-to-Use basis. Plaintiff denies the remaining allegations in set forth in this Paragraph.

20. Plaintiff denies the allegations set forth in Paragraph 20 of Defendants' Counterclaims.

21. Plaintiff denies the allegations set forth in Paragraph 21 of Defendants' Counterclaims.

22. Plaintiff denies the allegations set forth in Paragraph 22 of Defendants' Counterclaims.

23. Plaintiff denies the allegations set forth in Paragraph 23 of Defendants' Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. Defendants' Counterclaims and Affirmative defenses are barred by reason of their intentional and willful misconduct, including but not limited to their fraudulent attempts to procure a trademark registration in the United States Patent and Trademark Office ("USPTO") for the term "Video Doorman."

25. In applying for registration for Video Doorman, Defendants knowingly and falsely represented that they believed themselves to be entitled to use such mark in commerce, and further misrepresented to the USPTO that no other person, firm, corporation, or association had the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive.

26. The USPTO relied on Defendants' false statements to Plaintiff's detriment.

27.     Defendants at all times knew that Plaintiff had senior and exclusive rights in VIRTUAL DOORMAN for the goods and services provided by Plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28.     Defendants' claims are barred by the doctrine of unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29.     Defendants' claims are barred because Plaintiff's mark VIRTUAL DOORMAN is not generic, despite Defendants' own improper, willful and bad faith efforts to improperly utilize Plaintiff's mark.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.     Defendants' claims are barred by the doctrine of estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.     Defendants' claims are barred because Plaintiff's mark VIRTUAL DOORMAN is not generic, despite Defendants' own efforts to improperly utilize Plaintiff's mark and dilute or otherwise diminish its distinctiveness.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.     Defendants have failed to state a claim upon which relief can be granted.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

33.     Defendants have failed to plead their fraud counterclaim with sufficient particularity.

**WHEREFORE**, Plaintiff prays for:

    A) Relief as set forth in the Plaintiff's First Amended Complaint;

B) Denial of all relief requested by Defendants in their Answer to First Amended Complaint and Counterclaims.

Dated: May 16, 2008
New York, New York

Respectfully submitted,

ZEYNEL KARCIOGLU, ESQ.

_____/s/_____
Zeynel Karcioglu (ZK 7931)
*Attorney for Plaintiff*
Future Communications Corporation of New York d/b/a Virtual Service
36 East 20th Street, 6th Fl
New York, New York 10003
Tel. 212-505-6933
Fax 646-219-4517

## CERTIFICATE OF SERVICE

I hereby certify that this 16th day of May 2008, a copy of the foregoing **REPLY TO DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** was served upon counsel for Defendants by ECF and First Class mail, postage prepaid, to the attention of :

>Robert C. Faber, Esq.
>Ostrolenk, Faber, Gerb & Soffen, LLP
>1180 Avenue Of The Americas Fl 7
>New York, NY 10036-8401

Dated: New York, NY
       May 16, 2008

_____/s/_____
Zeynel Karcioglu, Esq.