# Zeynel Karcioglu, Esq.

36 East 20th St. 6th Fl.
New York, New York 10003
Telephone: (212) 505 - 6933
Fax: (646) 219 - 4517

August 20, 2008

*Via Hand Delivery*
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Future Communications Corporation of New York v. American Security Systems, Inc. and Lawrence T. Dolin*, 08 CV 1997 (JGK)

Dear Judge Koeltl,

The undersigned represents the Plaintiff in the above captioned trademark infringement action. As the Court is aware, no discovery was had prior to Defendants' Motion for Summary Judgment. I am writing to inform the Court of new developments that have occurred since Plaintiff submitted its Opposition to Defendants' Motion for Summary Judgment, which is pending before the Court.

Plaintiff has discovered that in the June 2008 issue of a security systems trade magazine named "SDM Magazine," an article appeared about the Defendants Lawrence T. Dolin and American Security Systems. The cover of the magazine has a large picture of Defendant Dolin, but bears the headline: VIRTUAL DOORMAN - *Plaintiff's* trademark at issue in this case. The article was published in mid-June.

After Plaintiff submitted its papers in Opposition to Defendant's Motion for Summary Judgment, Plaintiff came to learn that the article has caused confusion among its clientele and in the relevant market, and some of Plaintiff's clients have informed it that they have become aware of others' use of the marks – most likely Defendants'.

We would note that at the time this action was filed, there was less confusion in the marketplace as there is now, we believe this is due in large part to Defendants' actions and increasing use of VIRTUAL DOORMAN and Video Doorman. Because discovery is not complete in this case, no order has issued and this confusion occurred after Plaintiff's papers were filed, Plaintiff submits the attached declarations to supplement its Opposition Papers from consumers and persons in the trade who became aware of others' use of Plaintiff's mark and the SDM Magazine article in July and August, and were confused because they identify the mark VIRTUAL DOORMAN with Plaintiff – and only Plaintiff's – goods and services.

A copy of the SDM Magazine cover page is also included in the submission, and the documents are being filed via ECF.

                                          Respectfully submitted,

                                          Zeynel Karcioglu

cc: Robert Faber, Esq.

